**Affirmed; Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00954-CR

**BARBARA KENNEDY WARD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0973060-V**

## MEMORANDUM OPINION
Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Barbara Kennedy Ward was convicted of aggravated assault with a deadly weapon after a jury found that she had stabbed her ex-common-law husband with a knife. In her sole issue, appellant asserts she received ineffective assistance of counsel because evidence adduced at the punishment hearing suggested a theory of self-defense that was not raised by the defense during the guilt/innocence phase of trial. We affirm the trial court's judgment.

Appellant's ineffective assistance claim is based solely on her own testimony during the punishment stage of trial. She did not testify at the guilt/innocence stage. Specifically, appellant contends her testimony that on the day of the incident in question "my ex-husband was trying to kill me with a butcher knife and he cut me," along with her description of the injuries she suffered on that day, was sufficient to support a self-defense claim. She therefore argues defense

counsel was ineffective for failing to present a self-defense claim to the jury at the guilt/innocence stage.

To prevail on an ineffective assistance of counsel claim, appellant must establish both that her trial counsel performed deficiently and that the deficiency prejudiced her. *See State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, the record on appeal must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Absent an opportunity for trial counsel to explain his actions, we will not conclude his representation deficient "unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance claim on direct review. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013). This is because the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id*. (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). Consequently, the better procedural mechanism for pursuing a claim of ineffective assistance is almost always through writ of habeas corpus proceedings. *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003).

The record does not show why trial counsel failed to raise a self-defense claim at the guilt/innocence stage of trial. Without evidence showing trial counsel's explanation as to why self-defense was not raised, we cannot conclude that abandoning the defense was not reasonable strategy. *See Thompson*, 9 S.W.3d at 813–14. Moreover, self-defense is a justification theory that necessarily requires a defendant to admit that the conduct occurred. *See Ford v. State*, 112

S.W.3d 788, 794 (Tex. App.—Houston [14th Dist.] 2003, no pet.). In her testimony during the punishment stage, appellant denied stabbing her husband on the date in question. Thus, the record demonstrates appellant denied committing the conduct forming the basis of the charge against her, testimony that is clearly inconsistent with pursuing a self-defense claim. Based on the record before us, we cannot conclude that defense counsel was ineffective for not raising a self-defense claim during guilt/innocence stage of trial. We overrule appellant's sole issue.

We affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
140954F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARBARA KENNEDY WARD, Appellant

No. 05-14-00954-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0973060-V
Opinion delivered by Justice Evans, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2015.